OPINION OF THE COURT
Loren N. Brown, J.
This is a proceeding, pursuant to CPLR article 78, which seeks a judgment declaring the respondents’ policy of refusing to transmit or receive mail sent by or addressed to the petitioner which contains his religious name, Idris Rasheed Salladeen, rather than his legal name, Harry McGaney, to be a violation of the petitioner’s rights under the US Constitution 1st and 14th Amendments to freely practice his religion. In opposition, the respondents contend that the use of aliases on mail would create confusion in prison records, and delay mail deliveries.
When two competing, legitimate interests clash in the prison context, the importance of each must be weighed. (Matter of Rivera v Smith, 63 NY2d 501.) The respondents have alleged that damage to the prison’s system of administration would result should the petitioner, or anyone else, be allowed to use an assumed name. For his part, the petitioner has alleged a violation of his right to freely practice his religion. Unlike prior reported cases, wherein the interests of the prison administration were forced to accede to the supe *441 rior interests of the inmate to practice his religion (see, Matter of Rivera v Smith, supra; Matter of Abdullah v Smith, 96 AD2d 742; Matter of Bowe v Smith, 119 Misc 2d 453), and where it appeared from the record that the prison regulation violated an important religious tenet, there is no showing here that the required use of the petitioner’s legal name on mail violates any tenet of the petitioner’s religion, or prevents him from in any way observing those tenets.
Based on the foregoing, the court concludes that the interests of the prison administration should prevail.
Finally, the petitioner has objected to the use of a motion to dismiss the petition by the respondents prior to the service of an answer. The respondents have a statutory right to so proceed. (CPLR 7804 [f].) The wording of the show cause order, which required the respondents to serve their answer on or before November 18, 1985, should not be understood to foreclose them from exercising their procedural rights under the CPLR.
The petition is dismissed.